UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THOMAS GREEN,**

    **Plaintiff,**

**v.**                                               Case No:   6:19-cv-1403-Orl-LRH

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Thomas Green ("Claimant"), who is proceeding *pro se*, appeals the Commissioner of Social Security's final decision denying his applications for disability benefits. (Doc. 1). The Claimant raises a single argument challenging the Commissioner's final decision. (Doc. 27). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that her decision is supported by substantial evidence and should be affirmed. (Doc. 28). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.

**I.    Procedural History**

This case stems from the Claimant's October 5, 2015 application for disability insurance benefits. (R. 251-52). The Claimant alleged a disability onset date of June 3, 2015. (R. 251). The Claimant's application was denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who, after holding a hearing (R. 49-91) where the Claimant proceeded *pro se*,[1] entered a decision on August 29, 2018 denying the Claimant's application for disability

---

[1] At the beginning of the hearing, the ALJ asked the Claimant whether he intended to proceed without representation, to which he responded in the affirmative. (R. 51-53).

benefits. (R. 38-41). The Claimant requested review of the ALJ's decision, but the Appeals Council denied his request on May 30, 2019. (R. 1-4). This appeal followed.

## II.     The ALJ's Decision

In reaching her decision, the ALJ applied the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a).[2] At step one, the ALJ found the Claimant had engaged in substantial gainful activity for such a period of time so as to preclude a finding of disability. (R. 40-41). Accordingly, the ALJ concluded that the Claimant was not disabled from June 3, 2015 through the date of her decision (August 29, 2018) and given this conclusion, did not proceed to the remaining steps. (R. 41 (citing 20 C.F.R. § 404.1520(b))).

## III.    Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining

---

[2] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.    Analysis**

The Claimant's memorandum does not contain any arguments challenging the Commissioner's final decision. (*See* Doc. 27). Instead, the Claimant simply points to three pieces of evidence that were not before the ALJ but were submitted to the Appeals Council in connection with his request for review (R. 28-29, 32) and are attached to his memorandum (Doc. 27 at 9-14). The first attachment is a November 16, 2018 note from Dr. Kenneth Byerly, who examined Claimant on that date and essentially opined that the Claimant is disabled as a result of his mental impairments. (*Id*. at 10).[3] The other attachments are letters from the Claimant's mother and cousin dated July 24 and 25, 2019, respectively. (*Id*. at 12, 14). Considering these attachments, the Court interprets the Claimant as raising a single argument on appeal – the Appeals Council failed to properly consider new, non-cumulative, material evidence.[4]

---

[3] It is unclear whether Dr. Byerly qualifies as a treating source.

[4] The Court liberally construes briefs filed by *pro se* litigants. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). However, the Court may not serve as *de facto* counsel for a *pro se* litigant. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) ("[E]ven in the case of pro se litigants [the general rule of] leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (quotation marks and citation omitted)); *see also Gamble v. Saul*, No. 8:20-cv-428-T-27CPT, 2020 WL 1557681, at *2 (M.D. Fla. Mar. 12, 2020). The Court will therefore only address the sole argument that can reasonably be said to have been raised in the Claimant's memorandum.

In response, the Commissioner makes two argument. First, the Commissioner argues that the ALJ's step one determination that the Claimant engaged in substantial gainful activity for most of the relevant period so as to preclude a finding of disability despite the severity of his impairments is supported by substantial evidence and is dispositive of this appeal. (Doc. 28 at 4-6). Second, the Commissioner argues that the Appeals Council properly excluded the Claimant's newly submitted evidence both because it post-dated the relevant disability period, and because the evidence submitted would not alter the ALJ's step one determination. (*Id*. at 6-8). The Court will consider both of the Commissioner's arguments in turn.

### A. Step One

As an initial matter, the Claimant has waived any challenge to the ALJ's step-one determination by failing to challenge it on appeal. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Nevertheless, the Court will exercise its discretion in light of the Claimant's *pro se* status and consider whether the ALJ's step-one determination is supported by substantial evidence.

To be eligible for disability insurance benefits, the claimant must prove that he is under a disability. 42 U.S.C. § 423(a)(1)(E); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant is under a disability if he is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner applies a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Relevant here, at the first step of the evaluation, the claimant must show that he is not engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is found to be engaged in substantial gainful activity then he will

be found "not disabled regardless of [his] medical condition or [his] age, education, and work experience." 20 C.F.R. § 404.1520(b).

"Substantial gainful activity" is defined as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. Work activity is "substantial" if it "involves doing significant physical or mental activities," even if on a part-time basis. 20 C.F.R. § 404.1572(a). Work activity is "gainful" if a claimant performs the activity for pay or profit, regardless of whether a profit is realized. 20 C.F.R. § 404.1572(b).

The Commissioner relies on certain factors to determine if the claimant is engaged in substantial gainful activity, including the nature of the claimant's work, how well he performs his work, how much time he spent at work, and whether his work was done under special conditions or in a sheltered workshop. 20 C.F.R. § 404.1573. However, when evaluating whether a claimant was engaged in substantial gainful activity, the primary consideration is the claimant's earnings from the work activity. *Green v. Comm'r, Soc. Sec. Admin.*, 555 F. App'x 906, 908 (11th Cir. 2014) (citing 20 C.F.R. § 404.1574(a)(1); Social Security Ruling ("SSR") 83-33, 1983 WL 31255)). If a claimant receives wages exceeding those set out in the regulations, a presumption arises that he was engaged in substantial gainful activity during that period. *Id*. (citing 20 C.F.R. § 404.1574(b)(2); *Johnson v. Sullivan*, 929 F.2d 596, 598 (11th Cir. 1991)). If the claimant's earnings are less than the amount necessary to establish a presumption of substantial gainful activity, the Commissioner "will generally consider ... that [the claimant has] not engaged in substantial gainful activity." 20 C.F.R. § 404.1574(b)(3)(i). "Although earnings below the threshold amount ordinarily show that an employee has not engaged in substantial gainful activity, the fact that earnings are below the guidelines is not dispositive." *Newman v. Comm'r of Soc. Sec.*, No. 6:14-cv-692-Orl-DNF, 2015

WL 5599927, at *7 (M.D. Fla. Sept. 22, 2015) (citing *Cook v. Astrue*, No. 3:11-cv-696-J-TEM, 2012 WL 4356261, at *4 (M.D. Fla. Sept. 24, 2012)).

> At step one of the evaluation, the ALJ explained:
>
> Claimant testified he stopped working as a security guard of 2 years, a few weeks before the hearing; he worked 16 to 24 hours per week, which varied during the season of the year, at $9.40 an hour; but, never over 24 hours a week. Job duties were to perform checks of the property and vehicle. He also worked a few days per week in a labor pool doing light cleaning, at $8.23/hour.
>
> He earned $6,366.52 in 2015 (Exhibit 2D/2, 4), and $1,802 in the 3rd and 4th quarters of 2015. (Exhibit 2D/10-11) He worked as a security guard since October 2015 (Exhibit 19E), which shows he started working about 4 months after he alleged becoming disabled. In 2016, he earned $13,963. (Exhibits 2D/2, 4, 9; 3D) Earnings records were proffered to claimant, with no response. These earnings are above SGA of $1,130 per month for 201[6]. He earned $7,932 in the 1st and 2nd quarters of 2017. (Exhibits 2D/7-8, 3D) He earned $13,264 in the 3rd and 4th quarters of 2017. (Exhibit 3D) He earned $5,373 in the 1st quarter of 2018. (Exhibit 3D) Claimant's earnings in 2017 and the 1st quarter of 2018 were above SGA.
>
> Claimant testified to his work that did not require any special work conditions such as assistance from others, special equipment, irregular hours/rest periods, lower productivity/efficiency requirements, or a special relationship with his employer.

(R. 40-41). Based on this evidence, the ALJ found the Claimant engaged in substantial gainful activity from October 1, 2015 through March 2018 and at no time during the relevant period (June 3, 2015 through August 29, 2018) was there a continuous twelve month stretch of time where the Claimant was not engaged in substantial gainful activity. (*Id.*). Accordingly, the ALJ concluded that the Claimant was not disabled at any point during the relevant period. (*Id.* (citing 20 C.F.R. § 404.1520(b))).

The ALJ's step one determination is supported by substantial evidence. First, while the Claimant's earnings during the last quarter of 2015 ($1,451.00 (R. 262)) did not meet or exceed the monthly SGA for that year, $1,090.00, *see* Social Security Administration Programs Operations

Manual System ("POMS"), DI § 10501.015(B)[5] and SSR 83-35, 1983 WL 31257, at *1 (Jan. 1, 1983) ("Earnings are generally averaged over the actual period of time in which work was performed."),[6] the ALJ pointed to other relevant factors, such as the Claimant's work as a security guard in late 2015, the nature of that work, the amount of time he worked, and the lack of any special work conditions (R. 40-41), that support her determination that Claimant's work during late 2015 constituted substantial gainful activity despite his earnings being below the monthly SGA level for that year. *See* 20 C.F.R. § 404.1573; *Newman*, 2015 WL 5599927, at *7.

Second, the ALJ correctly found that the Claimant's earnings in 2016, 2017, and the first quarter of 2018 – $13,963.10, $21,196.00, and $5,373.00 respectively (R. 256, 267, 269-70) – exceeded the monthly SGA levels for those time periods – $1,130.00 for 2016, $1,170.00 for 2017, and $1,180.00 for 2018. POMS, DI § 10501.015(B). Accordingly, there is a presumption that the Claimant's work during that time constituted substantial gainful activity. *Green*, 555 F. App'x at 908. Since the Claimant has not pointed to any evidence rebutting that presumption, the presumption stands and the ALJ's determination that the Claimant performed substantial gainful activity during that time period is supported by substantial evidence.

The period during which the ALJ found the Claimant performed substantial gainful activity spans much of the relevant period, leaving approximately four months at the beginning of the period (June 3, 2015 through September 30, 2015) and approximately five months at the end of the period (April 1, 2018 through August 29, 2018) when the Claimant was not engaged in substantial gainful

---

[5] The Social Security Administration has promulgated the POMS as "publicly available operating instructions for processing Social Security claims." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003).

[6] When averaging the Claimant's monthly earnings during the last quarter of 2015, the Claimant made approximately $600 a month, which is below the monthly SGA level for 2015.

activity. Accordingly, the ALJ's determination that there had not been a continuous twelve-month stretch of time during which the Claimant was not engaged in substantial gainful activity is supported by substantial evidence and, as a result, so is her conclusion that the Claimant was not disabled during the relevant period. *See* 42 U.S.C. § 423(d)(1)(A).

### B. Appeals Council

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id.*; *see* 20 C.F.R. § 404.970(a)(5). A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010), it is material if "there is a reasonable possibility that the new evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision," 20 C.F.R. § 404.970(a)(5). The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261.

The Appeals Council has the discretion to refuse review of the ALJ's decision denying benefits. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). If the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014). If a claimant challenges the Appeals Council's denial, the reviewing court must determine whether the new evidence renders the denial of benefits erroneous. *Id.* at 785 (citing *Ingram*, 496 F.3d at 1262).

The Claimant submitted several pieces of evidence in support of his request for review with the Appeals Council, including, in relevant part, Dr. Byerly's opinion and the letters from the Claimant's mother and cousin discussing his impairments and limitations. (R. 28-29, 32). All the evidence post-dated the ALJ's decision. (*Id*.). In denying the Claimant's request for review, the Appeals Council acknowledged receipt of the evidence, but found it did not affect the ALJ's decision because none of it "relate[d] to the period at issue." (R. 2).[7]

The Appeals Council's finding is supported by substantial evidence. Nothing in Dr. Byerly's opinion or the letters from the Claimant's mother and cousin, all of which post-date the ALJ's decision by several months, indicate that the opinions and statements therein relate to the period before the ALJ's decision. (*See* R. 28-29, 32). Accordingly, the evidence is not chronologically relevant. And even if the evidence was chronologically relevant, it is not material since nothing therein undermines the ALJ's step-one determination that the Claimant engaged in substantial gainful activity for most of the relevant period so as to preclude a finding of disability. For these reasons, the Appeals Council did not err in considering the evidence at issue and denying the Claimant's request for review.

## V.   Conclusion

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **AFFIRMED**.

2. The Clerk is **DIRECTED** to enter judgment in favor of the Commissioner and against the Claimant, and to close the case.

---

[7] The Appeals Council stated that if the Claimant wished to have the evidence at issue considered in determining whether he is disabled he will need to file a separate application for disability beginning sometime after the date of the ALJ's decision (August 29, 2018). (R. 2).

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2021.

_Leslie R. Hoffman_
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Pamela Houston
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801